# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CR-188-11-NKL |
| DENNIS L. WESTBROOK, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Dennis L. Westbrook's Motion for a New Trial [Doc. # 528]. For the following reasons, the Court denies the motion.

On February 18, 2011, a jury found Defendant Westbrook guilty of the crime of conspiracy to distribute 5 kilograms or more of cocaine, as charged in Count One of the indictment. [Doc. # 524.] On March 4, 2011, Westbrook timely filed this Motion for a New Trial, invoking Rule 33 of the Federal Rules of Criminal Procedure.

Rule 33(a) provides that "the Court may . . . grant a new trial [to a defendant] if the interest of justice so requires." Fed. R. Crim. P. 33(a). The trial court has broad discretion to grant or deny a motion for new trial based upon the weight of the evidence, and "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). However,

the trial court should exercise this discretion "sparingly and with caution" and only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002); *United States v. Anthony*, 537 F.3d 863, 867 (8th Cir. 2008).

Defendant Westbrook first argues that the prosecutor engaged in misconduct during closing argument by asserting a factual allegation outside the scope of the evidence submitted which improperly bolstered the Government's case against him. Specifically, Westbrook claims that in its rebuttal to his closing argument, the Government informed the jury that it had other telephone conversations that it could have played to prove his guilt.

"When a defendant argues that the prosecution made improper remarks during closing arguments, the allegedly improper statements will be examined within the context of the entire trial to determine first whether the remarks were in fact improper, and second whether the remarks were so offensive so as to deprive the defendant of a fair trial." *United States v. Miller*, 621 F.3d 723, 729-30 (8th Cir. 2010) (quoting *United States v. Eldridge*, 984 F.2d 943, 946 (8th Cir. 1993)). "Generally speaking, reversal is only warranted where the verdict could reasonably have been affected by the alleged misconduct." *Id.* at 730.

In his closing argument, Defendant Westbrook's counsel stated:

> The Government asked Mr. Corredor the question, how many calls did you get that wasn't related to these phone calls that we heard? And what did he say? He said . . . thousands I believe. . . . Out of the thousands of calls there's not one from Dennis Westbrook, not one that asks for a shoe, that asks for a dollar, two dollars, three dollars. There's not one coded telephone call in the entire 7,000 pages of the Government's case.

2

In its rebuttal argument, the Government stated:

> We could have been here for weeks if we played every single phone call. But we don't need to play every single phone call because we played phone calls that show you what was going on inside of this conspiracy. Now, we don't have to give you evidence of every single day that these guys –
>
> Mr. Lamb: Objection, may we approach?
>
> The Court: No, state your objection. Without it being a speaking objection.
>
> Mr. Lamb: Assuming facts not in evidence.
>
> The Court: Overruled.
>
> Mr. Marquez: Thank you, Your Honor. We have to prove our case beyond a reasonable doubt and that doesn't mean that we have to come in here and play every single, every single recording that we have for you because . . . the evidence that you've heard from us so far proves beyond a reasonable doubt that these five guys are involved with Alejandro Corredor and his drug dealing business.

Although the Government did confirm Defendant's earlier suggestion that there were many phone calls that it did not play, it reiterated that its case was limited to the evidence presented at trial, which in its view proved the case beyond a reasonable doubt.

Examining the Government's statement within the context of the entire trial, it is clear that the Government was not attempting to bolster a weak case with references to evidence not presented at trial. The Government had already presented the testimony of Alejandro Corredor, which identified Defendant Westbrook as the speaker in a number of recordings in which he appeared to discuss the drug conspiracy. For example, in one tape, the voice identified as Defendant Westbrook mentioned a safe house. Moreover, as Defendant's brief

3

recognizes, Joel Guevera testified that Westbrook delivered a large sum of money to Corredor.

This case is distinguishable from *Miller*, where the prosecutor argued that in order for the defendant to be not guilty, the officer would have to have been dishonest. 621 F.3d at 730. Not only did the prosecutor there attempt to reverse the burden of proof, but the credibility of the police officer was critical to the Government's case because he was the only witness of the alleged possession of the firearm. Here, in contrast, the Government reiterated the proper burden of proof, and its case was otherwise supported by strong evidence.

This case is also distinguishable from the other case cited by Defendant, *United States v. Vargas*, 580 F.3d 274, 278-79 (5th Cir. 2009). There, the prosecutor implied that the defendant did not deny knowledge of the drugs, even though the defendant had in fact denied such knowledge. In other words, the prosecutor in *Vargas* had been dishonest with the jury.

In this case, taken in context, the Government did not mislead the jury regarding either the law or the facts. Moreover, the Government's case was strong enough that the verdict could not reasonably have been affected by the prosecutor's statement, even assuming that it constituted misconduct.

Defendant Westbrook's second argument is that the prosecutor failed to provide him with Joel Guevera's second proffer statement until the day of his testimony (although it did provide him with Guevera's first proffer statement in the week prior to trial). According to Defendant, this constituted a violation of the pre-trial discovery order and deprived him of the possibility to respond to the substance of the proffer with additional evidence, including

a possible alibi. Westbrook argues that permitting the witness to testify to the factual allegations contained in the proffer denied him a fair trial. However, he cites no law in support of his argument.

This issue first came to the Court's attention in the week before trial. In a February 13, 2011 text order, the Court wrote:

> Pending before the Court are several motions to exclude witnesses. Having considered the relevant factors discussed in *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 989 (8th Cir. 2006), the Court strikes Hironori James and Cindi Corredor from the Government's late filed witness lists. The Court denies the Defendants' request to strike Alejandro Corredor and Keith Rayford. The Court will defer ruling on Terrance Harris and Joel Guevera until trial.

[Doc. # 506.]

The Court ultimately determined that Terrance Harris and Joel Guevera could testify, after considering the *Sandoval-Rodriguez* factors. In that case, the Eighth Circuit explained:

> We will reverse the district court's refusal to exclude the testimony of William Quinn based on the government's alleged late disclosure only if the district court abused its discretion in so ruling. . . . "In our review we consider (1) whether the Government acted in bad faith and the reason(s) for delay; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance."

452 F.3d at 989 (quoting *United States v. Pherigo*, 327 F.3d 690, 694 (8th Cir. 2003)).

Here, by striking Hironori James and Cindi Corredor, the Court imposed a sanction meant to secure future Government compliance.

More importantly, the Defendants in this case were unable to show prejudice resulting from the late disclosure. *See United States v. DeCoteau*, 186 F.3d 1008, 1010-11 (8th Cir.

5

1999) (reversing district court's order striking Government's witnesses for a discovery deadline violation and noting that defendant's failure to request continuance supported finding of no prejudice). In *Sandoval*, the Eighth Circuit pointed to the fact that the defendant did not ask for a continuance to allow him adequate time to review the materials, even after the district court denied his motion to exclude the witness's testimony. 452 F.3d at 989. Here, the Court repeatedly offered Defendants a continuance to allow for further investigation. The Defendants declined the Court's offers of a continuance. Even now, Defendant Westbrook offers no evidence of prejudice, after having weeks to investigate.

Finally, although the Government's tardiness in disclosing the witness and his proffer statements violated the pretrial order and revealed an unfortunate lack of organization, there is little evidence of bad faith. *See id.* ("Even if the government's late disclosure violated the district court's general discovery and pretrial orders, we still conclude that the district court did not abuse its discretion in allowing Quinn to testify," in part because there was no bad faith). Even assuming that the Government had no good reason for the delay, the lack of prejudice to Defendants and the imposition of a limited sanction on the Government justified the Court's decision to allow the testimony of Joel Guevera.

In sum, the evidence does not weigh so "heavily . . . against the verdict that a miscarriage of justice may have occurred." *Campos*, 306 F.3d at 579. Rather, the evidence presented to the jury supported its verdict, even in the absence of Guevera's testimony.

Accordingly, it is hereby ORDERED that Defendant Westbrook's Motion for a New Trial [Doc. # 528] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 9, 2011  
Jefferson City, Missouri